# UNITED STATES DISTRICT COURT

## for the

### District of Delaware

|  |  |
|---|---|
| _____ Ronald Angelo Sr. _____ ) <br> Plaintiff ) | Case No. __18 - 523__ |
| ) | |
| v. ) | Jury Trial:   Yes   No X |
| ) | |
| _____ NVR Inc. _____ ) <br> Defendant ) | |
| ) | |
| _Commonwealth Land Title Insurance_ ) <br> Defendant ) | |

## COMPLAINT FOR A CIVIL CASE

Paid
Rec #
29558
S/I

**I.**   The Parties to This Complaint

   A. The Plaintiff

   Name          Ronald Angelo Sr.                    .

   Street Address          611 Southerness Dr.                    .

City                     Townsend                               .

State and Zip Code       Delaware 19734                         .

B.  The Defendants(s)

Defendant No. 1

    Name                     NVR Inc.                               .

    Street Address           11700 Plaza America Dr.                .

    City                     Reston,  VA 20190                      .

    State and Zip Code       VA 20190                               .

Defendant No. 2

    Name                     Commonwealth Land Title Insurance  .

    Street Address            601 Riverside Avenue                  .

    City                     Jacksonville                           .

    State and Zip Code       Fl.    32204                            .

**II.    Basis for Jurisdiction**

What is the basis for federal court jurisdiction

    X  Federal banking question       X  Diversity of citizenship

A. Previous Federal decisions on recorded documents/instruments against

real property, not dully executed.  Recorded documents/instruments

affecting mortgage equity thereby committing fraud.  Bank Fraud

and/or violation of US Codes on illegal recorded documents/instruments.

B. If the basis for Jurisdiction is Diversity of Citizenship

    a. The plaintiff NVR Inc., and NVR Inc. dba Ryan Homes is incorporated under the laws of the State of Virginia and has its principle place of business in the State of Virginia. NVR Inc. is the parent company of Ryan Homes Inc. and is incorporated in various States but is under the control of NVR Inc. as it is stated on NVR's web site. There are Court Opinions using the "NVR Inc. dba Ryan Homes". In addition, NVR Inc. is a mortgage company and provides settlement services as stated on their Web Site.

    b. The plaintiff Commonwealth Land Title Company (hereby known as CLT), is a wholly owned subsidiary of Fidelity National Title Insurance, they are my Title Insurance Company.

III.   Definitions and Documents not dully executed:

a. Definition: From Black's Dictionary 2nd edition, the phrase "Fair Market Value" defined for clarity in this complaint, shall mean:

"In an open and competitive market, a buyer willingly pays and a seller willingly takes this highest estimated, and acceptable, price for an item.

What a knowledgeable, willing, and unpressured buyer would pay to a knowledgeable, willing, and unpressured Seller in the market".

b. Appraisal Value, for the purpose of a mortgage shall have the same purpose as Fair Market Value.

An opinion that an appraiser gives for the worth of property. The factors that go into this are location, area, improvements, and amenities. The three methods to do this are cost approach, income approach, and market comparison approach.

**c.** Documents not dully executed: Declaration of Covenants and Restrictions for Odessa National Golf Club and Residential Community", recorded in 08/05/2005, as instrument # 20050805-0078358, hereby known as (2005 DOC)

**IV.**   Statement of Claim

The claim, is on the 2005 DOC, a document not dully executed or recorded, on the property at 611 Southerness Dr. Townsend DE. 19734.

## V.    Summary of Argument

a. **2005 Master Declaration of Restrictions:**  This complaint is about the 2005 DOC a recorded document that violates County, State and Federal Law.  Two counts of County violations, one for the land use and the other for the recorder of deeds.  Two counts from State Law, one for a violation of Title 9 of Delaware code and the other for Bank fraud.  Two counts for Federal Law, one on recordation and the other for bank fraud. The property has no value if all the recorded documents are not dully executed.  The entire violation was intentional and planned, If I forgot to put my name and address as required by law on the first page, why did I remember to mark the document hold for pickup.  The only reason is not to be tied to the violation.

b. **Nondisclosure of excluded documents:** I was not informed at settlement of all the violations of the recorded documents, by either NVR as the entity selling the property or CLT as the Title Insurer, nor was I advised at Settlement of the excluded documents from coverage or of invalid record plans and recorded instruments in my Title Insurance policy.  I am under the understanding that CLT is in control of the Document Search and should have either advised the person buying a property and paying for the Title Insurance, any violations or exclusions and why.

c.  The current deed with the record owners is in the brief

## VI.    Prayer Relief:

a.  Under claim 2005 DOC: With the current violation of recordation, my property

cannot be sold with full disclosure therefore, I seek either a full refund of the

purchase price plus improvements and expenses to move ($495,000.00)  **OR**

declare the recorded document void ab initio and have NVR Inc. or CLT return

the monies collected at settlement by NVR Inc., charged as a Golf Course

($5,000) fee plus interest.

b.  Hold CLT libel for all recoded documents including documents

excluded except for documents declared Void Ab Initio.

## VII.    I agree to provide the Clerk's Office with any changes to my address where

case-related papers may be served.  I understand that my failure to keep a

current address on file with the clerk's office may result in dismissal of my

case.

Date of signing:          April 5 2018                                    .

Signature of Plaintiff:   _[signature]_                                   .

Printed Name of Plaintiff:    Ronald Angelo                              .

18 - 523

## Table of Contents

i.      Table of Citations                                          page 1

ii.     Table of Laws and Codes                                     page 1

iii.    Statement of the Qualifications and Liability               page 2

iv.     Statement of the Argument                                   page 3

## Table of Citations

*Matthew B. Nowak v. Chase Home Finance* 414 B.R. 269 (2009)

*Bank of America N.A. v. Corzin* Case No. 5:09 CV 2520, Bankruptcy Court Lead Case

No. 08-54674, Bankruptcy Court Lead Adversary Case No. 09-5034

*Nationwide Life Insurance Company v. Commonwealth Land Title Insurance*

*Company* No. 06-2890. 579 F.3d 304 (2009)

*NVR, INC. v City of Centerville, et al.* C.A. CASE NO 27021 T.C. NO. 15CV5505 {¶

1} NVR, Inc., d.b.a. Ryan Homes

*CLYDE M. SINGLETON and TRACY D. SINGLETON, Plaintiffs, v. (BAILEY) NVR,*

*INC., dba Ryan Homes,* Defendant CIVIL ACTION NO. 3:07-CV-66

## Table of Laws and Codes

New Castle County Code of Ordinances (MUNI Code)

New Castle County Unified Development Code (UDC)

Delaware State Law (DE Titles)

United States Codes (USC)

Statement of the Qualifications and Liability

NVR Inc. and Ryan Homes Inc. Business Model

The following information is from the NVR dba Ryan Homes (NVR) qualifications

and proof of liability for any and all transactions relating to the sale and settlement of

a residence to a buyer.

Position on Title Insurance by NVR Inc on a sale of a home.

The web site address
https://www.nvrmortgage.com/Home/DisplayPDF?fileName=Closing%2
0Your%20Mortgage
**For an additional premium, the owner's policy will protect you
up to the full value of the property if fraud, a lien or faulty title is
discovered after closing".**

As a Mortgage company, it was their fiduciary responsibility to insure the

deed they were transferring to the buyer was without error and in

compliance with County, State and Federal law.  The documents in the

complaint are not dully executed and recorded in accordance with

County, State and Federal law and rules.

From the Ryan Homes WEB Site: http://www.ryanhomes.com/about-nvr
Ryan Homes National Headquarters

NVR, Inc. operates in two business segments: homebuilding
and mortgage banking. The homebuilding unit sells and
constructs homes under the Ryan Homes, NVHomes and Fox
Ridge Homes trade names. NVR Mortgage provides a variety
of financing programs, **while settlement and title services are
provided by NVR Settlement Services. As a corporate**

**entity, NVR, Inc. provides various support functions for each of its sub-entities. These include sales and marketing support, vital human resource specialists, and an advanced information technology department, which provide a network of resources utilized by NVR, Inc. holdings.**

## Statement of Argument

### The Proof of Purchase and liability:

The sale as stated on the original deed[1], was executed and recorded as the seller being NVR Inc. The following section in bold is being challenged:

IN WITNESS WHEREOF, the said NVR Inc., a Virginia corporation **has caused the DEED to be duly executed** by its Vice President and its corporate seal to be affixed hereto the day and year aforesaid.

If the Court agrees with the 2005 Doc violation which is recorded against the property, then this deed was not duly executed and the real value of the property is zero and the deed must be declared Void Ab Initio to return the property to the true value to Fair Market Value.

### The 2005 Declaration:

1. The 2005 Master Declaration, Inst # 20050805-0078358, the document does not meet 9 Del. §9605 [2]. The document must have, "prepared by" and "return address" on the first page[3], this document does not and was done with the intent

---

[1] Recorded Deed for 611
[2] 9 Del §9605
[3] First Page of 2005 Declaration no author no return address

to defraud the residents.   The preparer knew it would not pass County Council, that's why it was not submitted through proper channels.

2. Rules for the New Castle County Recorder of Deeds for acceptance of a document for recordation:

a. This first page of the 2005 DOC does not conform to the rules of recordation and should not have been accepted by the recorder of deeds. The invoice states hold for pickup[4],  not the normal intake for the recorder of deeds.  It also did not follow the rules for recordation[5], which can be found here:

http://www.nccde.org/DocumentCenter/View/72.  The EXHIBIT "B" page specifies the required form for recordation at New Castle County Recorder of Deeds.

> EXHIBIT B                                              1"
>
>              Recording Information Only
>                        2 ½"
>              Recording Information Only                        Parcel
> Number:
>              **Prepared By Name and Address:**
>              **Return To Name and Address:**
>    New Castle County, Delaware/First Page Only

---

[4] Receipt for recorder of deeds
[5] Recorder of Deeds rules

For Documents Affecting Real Property

Must Be Typed or Printed With Characters At Least 15 Pitch In Size

3. As long as this document is attached to the deed, the home cannot be sold and no loans can be made with the property as collateral. It cannot be sold to a person seeking a Federal Insured Mortgage.  If it is insured by a United States Government Agency, and the Fair Market Value is not the true value, then the Government is the victim of fraud. a violation of US code 18 §1021.[6]  The bank has been defrauded by virtue of Appraised Value does not equal the Fair Market Value with full disclosure, a violation of 18 USC §1344.

18 USC §1344 Whoever knowingly executes, or attempts to execute, a scheme or artifice-

(1) to defraud a financial institution; or

**(2) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, a financial institution, by means of false or fraudulent pretenses, representations, or promises;**

The bank loaned money on a property based on an Appraisal without full knowledge of the violations, thereby defrauding the bank.  The return for the Golf Course owner who also is the owner of the Development Company, is a fee paid to the Golf Course.

---

[6] United States Code 18 §1021

4.  The 2000 Maintenance Declaration Odessa National Corporation, Instrument #BK2890PG0070[7], states that any changes or additions must be approved by County Council.

   a.  The letter from Mr. J. Smith[8], Acting General Manager of Land Use stated the document was not submitted to New County Council for approval and it violated County Law.  The following three paragraphs are from Mr. J Smith's letter, the acting general manager of New Castle County Department of Land Use.

      I.    The Original Maintenance Declaration for Odessa National was executed in conformity with the Unified Development code and does not create any obligation to maintain the Golf Course area.

      II.  The master Declaration seeks to expend the scope of the original maintenance declaration in contravention of the maintenance declaration and without County Council's approval as required by UDC SEC 40.31.130G

      III.  The master Declaration was not executed in accordance with the UDC and, therefore, should not change the open space maintenance obligations of the homeowners set forth in the original maintenance declaration.

---

[7] Maintenance Declaration Odessa National Corporation instrument number BK2890PG0070
[8] Mr. J. Smith's Letter (the Conclusion)

The 2005 Master Declaration does not conform to the model declaration, and also was executed in contravention of the applicable UDC Open Space regulations including:

1. It was not provided to the Department of Land Use and Law for review and approval prior to plan recordation,

2. It was not executed by the legal owner of the property prior to plan recordation;

3. It was not referenced on an approval plan and the area of open space for all which it applies are also not identified on the record plan;

4. It does not provide for any open space of common facilities (including the golf course area) to be transferred to a maintenance corporation; and

5. It does not provide for the control of the maintenance corporation to be transferred to the homeowners."

**Therefore, any maintenance obligations resulting from its execution should be considered null and void, and the homeowners should not be required to pay any open space maintenance fees resulting from its execution.?**

## Conclusion

Based on the aforesaid, it is my opinion that the Master Declaration was not executed in accordance with County Law, that is seeks to amend the Original Maintenance Declaration is contravention of the terms of that instrument and County Law and is being used to improperly extract fees for the maintenance of open space and common facilities (i,e.

the golf course) from the homeowners, even though they will

not receive ownership under the terms of the instrument"

5. A second letter from M. Jacobson[9] Esq. from the NCC law department did not

challenge any portion of Mr. Smith's letter.

   a. The second paragraph in Ms. Jacobson's letter:

      Mr. Smith clearly explained County Law and the requirement and

      purpose of the maintenance declaration.  He also aptly identified areas

      where the Master Declaration encroached upon County Law.  In doing

      so He noted:

     See the **"Conclusion"** cited above from Mr. J. Smith's letter.

6. Under the UDC Sec. 40.31.130 [10], DEED RESTRICTONS CHANGES

   **Any amendment to a declaration of restrictions to which the**
   **County is either a party to or beneficiary of the covenants therein**
   **shall follow the procedure set forth below.**

The purpose of filing with the County is to allow the County to determine if it is

beneficial to the County.  In addition to assure the document is in compliance

with all County, State and Federal Laws.

---

[9] Ms. M. Jacobson's letter (the Conclusion)
[10] UDC Section 40.31.130 Any amendment to a declaration of restrictions to which the County is either a party to or beneficiary of the covenants therein shall follow the procedure set forth below.

The conclusion in the letter from the Acting General Manager of New Castle County Land Use and the follow-up letter form the County Law Department states the violation.

7. The 2005 Doc is a recorded instrument and the County has the final authority. An illegally recorded instrument has an effect of Fair Market Value, the appraised value without full disclosure is not the true value and the home cannot be sold because of the illegal Deed. If it is sold without full disclosure, it is fraud. If it is recorded illegally, it is Void Ab Initio.

8. Under MUNI Code 40.30.510 §(B)[11] explicitly states,

> B. Any plan received by the Recorder of Deeds for filing or recording without the approval of the Department and County Council endorsed thereon shall be null and void and without legal effect and shall, upon application of the Department or County Council to the Superior Court, be expunged from the records of the Recorder of Deeds.

A document may be in the records, but technically not entitled to be recorded because of a missing or improper notarial acknowledgement, lack of witnesses, or other technical requirements of the recording system. Such documents are

---

[11] MUNI 40.30.510

usually treated as if they were unrecorded, even if the defect cannot be discerned on the face of the instrument.

9. The Federal Courts treat recorded improperly acknowledged documents as if they were unrecorded;

   a. *In Matthew B. Nowak v. Chase Home Finance* 414 B.R. 269 (2009) MEMORANDUM OPINION ON MOTIONS FOR SUMMARY JUDGMENT JOHN E. HOFFMAN, JR., Bankruptcy Judge.

   ### I. Introduction

   Chapter 7 trustee Thomas McK. Hazlett ("Trustee") seeks to avoid a lien evidenced by a mortgage ("Mortgage") recorded in favor of Chase Home Finance, LLC ("Chase"). **The certificate of acknowledgment on the Mortgage identifies the certifying official as a broker, not as a notary public or other public official qualified to certify acknowledgments**. As a result, the Trustee contends, the Mortgage is defective under Ohio law and avoidable under 11 U.S.C. § 544(a)(3). For the reasons stated below, the Court concludes that the Mortgage was defective in its execution and grants summary judgment in favor of the Trustee.

   ***Jeanne V. Sayre*** **(Signature of person taking acknowledgment) (Title or rank) (Serial number, if any) Broker**

   The text reproduced above in bold was set forth in legible handwriting; the remaining text was printed in one or more

typefaces. Jeanne V. Sayre ("Ms. Sayre") held a notary commission at the time she subscribed her name to the Certificate of Acknowledgment, but was identified therein as a broker, not as a notary public. The Certificate of Acknowledgment does not include Ms. Sayre's notarial seal, nor is her status as a notary public identified anywhere within the Mortgage.

## A. VI. Conclusion

"For the foregoing reasons, the Court GRANTS the Trustee Motion and DENIES the Chase Motion. The Mortgage is avoided and the lien preserved for the benefit of the Debtors' bankruptcy estates. The Court will issue a separate judgment entry in accordance with this memorandum opinion.

IT IS SO ORDERED.

The above cited case is one violation on the rules of recordation, in this complaint the 2005 DOC was declared illegal by the County in addition to other stated violations of the recordation.

b. In re *Bank of America N.A. v. Corzin* CASE NO. 5:09 CV 2520, BANKRUPTCY COURT LEAD CASE NO. 08-54674, BANKRUPTCY COURT ADVERSARY CASE NO. 09-5034. A decision based on a single violation:

**The notary acknowledgment (the "Acknowledgment") on page 15 of the Mortgage does not identify the names of the**

**persons who signed the Mortgage, and it does not identify the Debtors by name**

IV. CONCLUSION This case presents the Court with the duty to make a very close call as to whether the execution of the subject Mortgage was in substantial compliance with the Ohio recording statutes. The Court has been well briefed by the parties, and the Court commends counsel for their fine efforts. While the Court is of the view that the "substantial compliance" argument has a certain appeal to the Court, in the long run the Court concurs with the bankruptcy court's reasoning as follows: It is not for the bankruptcy courts to cure documentation issues, such as a blank mortgage acknowledgment, that have been identified by Ohio case law for well over one hundred and fifty years. See Smith's Lessee, 13 Ohio 260 (1844). Mortgage lenders and the individuals they employ to document mortgages must pay particular attention to long standing documentation requirements. Those lenders who fail to do so must suffer the consequences of execution mistakes. The Ohio Legislature took action after the decision in Zaptocky v. Chase Manhattan Bank (In re Zaptocky) to provide relief to lenders with respect to the witness requirement for a validly executed mortgage. O.R.C. § 5301.01 (B)(1). That statutory change did not, however, provide absolution to mortgage lenders to ignore the other execution requirements under Ohio law.

10. This is the complaint against Commonwealth, they should have noted in the policy, the lack of the requirements for recordation, the lack of a preparer on the document's first page. The question is, if they can exclude some or all of the recorded documents from coverage, what was covered, what was payed for. On the behalf of CLT, if the Court declares the 2005 DOC void ab initio, all civil action pertaining to the 2005 DOC against CLT will be dropped.

   a. NATIONWIDE LIFE INSURANCE COMPANY, Appellant v. COMMONWEALTH LAND TITLE INSURANCE COMPANY.
      No. 06-2890 579 F.3d 304 (2009)

      **United States Court of Appeals, Third Circuit.**
      Argued January 28, 2009.
      Opinion Filed: August 31, 2009.

      **IV. Conclusion**
      **When Commonwealth issued its title insurance policy to Nationwide, it failed to except expressly the restrictions contained in the Declaration from coverage under paragraph 1(b)(2) of the policy's ALTA 9 Endorsement**. To avoid paying for this failure (and Nationwide's claim), Commonwealth seeks to lead us down a path that would make title insurance a Barmecide feast. That is not the purpose of title insurance, it is not how the title insurance industry perceives what it does, and it is not how the text of and guidelines for title insurance read. **We thus hold that Commonwealth bore the burden of detecting the restrictions stated in the Declaration and had to list those restrictions explicitly as exceptions to avoid covering loss from them.** For these

reasons, we reverse the District Court's order granting Commonwealth's motion to dismiss and remand for further proceedings consistent with this opinion.

11. The $5,000 fee:

    a. Under 8.7 of the 2005 DOC, it states in that the "Golf Course Fee" contribution, is a fee charged to the builder and not the buyer. Fraud was perpetrated by the Builder when the fee was paid by the buyer. The fee on the settlement paper states it is a Golf Course fee. The $5,000.00[12] fee was collected at settlement before any of the questions of the 2005's validity were discovered.

> 8.7.1 Each builder (including Original Builders) covenants and agrees to contribute towards the cost of the construction of the Golf Course Facilities the sum $5,000.00 ("Builder Contribution") for each Lot owned by such Builder. Such Builder Contributions with respect to a Lot shall be due upon issuance of a certificate of occupancy for the home built on such Lot and shall be paid directly to the Golf Course Owner (except as provided below) at the time of settlement on each lot with a purchaser. Nothing herein shall preclude the golf course owner and any Builder from Mutually agreeing to modify any of the forgoing provisions of this paragraph 8.7.1. **No unpaid Builder Contribution shall be a lien on any Lot and no Homeowner or Homeowners Permitted Mortgage shall be libel for any**

---

[12] Settlement sheet with Fee

**unpaid Builder Contribution with respect to such Home Owners Lot.**

The entire document of 75 tightly spaced lines is included on the CD with all of the Recorded Documents.

12. The proof for the legal tie between NVR Inc., d.b.a. Ryan Homes and NVR Inc. as a single entity.  Although they are separate corporations they act as one.

   a. **NVR, INC. v City of Centerville, et al.**[13] C.A. CASE NO 27021
      T.C. NO. 15CV5505
      **{¶ 1} NVR, Inc., d.b.a. Ryan Homes**, appeals from a judgment of
      the Montgomery County Court of Common Pleas, which sustained
      a motion by the City of Centerville to dismiss NVR's administrative
      appeal. Centerville had denied NVR's preliminary
      -2- development plan for a particular parcel of land, and NVR filed
      an administrative appeal pursuant to R.C. Chapter 2506.

   b. IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
      DISTRICT OF WEST VIRGINIA MARTINSBURG CLYDE M.
      SINGLETON and TRACY D. SINGLETON, Plaintiffs, v. CIVIL
      ACTION NO. 3:07-CV-66 (BAILEY) **NVR, INC., dba Ryan Homes,
      Defendant.**[14]

---

[13] 2016 Ohio 6960
[14] Singleton v NVR d.b.a Ryanhomes Civil Action No. 3:07CV66

13. This document was not dully executed and must be declared void ab initio and the settlement Attorney be given court permission to record a new deed without the 2005 DOC attachment and the $5000.00 should not have been paid at Settlement by the purchaser and must be returned ($5,000.00 plus Interest).

14. A Copy from the Recorder of Deeds web site of the current deed[15] with the owners of record.

| | |
|---|---|
| Instrument: 201704110018003 | Volume Page: |
| Recorded: 4/11/2017 3:27:16 PM | Pages: 2 |
| Document Type: DEED | Consideration: |
| Grantor: | ANGELO, RONALD,SR / ANGELO, ROSEMARY |
| Grantee: | ANGELO, RONALD,SR,-TR / ANGELO,ROSEMARY,-TR / RONALD ANGELO SR AND ROSEMARY ANGELO REVOCABLE TRUST,/TR / ANGELO RONALD SR AND ANGELO ROSEMARY REVOCABLE TRUST,/TR |

By:   /s/ Ronald Angelo Sr.

611 Southerness Dr.

Townsend Delaware 19734

609-617-1926

The Plaintiff

Pro Se

---
[15] Current deed 611