IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONALD ANGELO, SR., | : |
| Plaintiff, | : |
| v. | : Civil Action No. 18-523-RGA |
| NVR, INC. et al., | : |
| Defendants. | : |

Ronald Angelo, Sr., Townsend, Delaware. Pro Se Plaintiff.

Scott G. Wilcox, Esquire, Whiteford Taylor Preston, LLC, Wilmington, Delaware. Counsel for Defendant NVR, Inc.

Scott Thomas Earle, Esquire, Zarwin, Baum, DeVito, Kaplan, Schaer, Toddy, P.C., Wilmington, Delaware. Counsel for Defendant Commonwealth Land Title Insurance Company.

**MEMORANDUM OPINION**

March 12, 2019
Wilmington, Delaware

**ANDREWS, U.S. District Judge:**

Plaintiff Ronald Angelo, Sr. ("Plaintiff"), filed this action on April 6, 2018. (D.I. 1). He appears *pro se* and has paid the filing fee. Before the Court are several motions filed by the parties including a motion to amend the complaint, motions to dismiss, motions for summary judgment, and motions for conflict of interest. (D.I. 5, 7, 9, 10, 14, 22, 26, 29, 31). Briefing is complete.

**I.  BACKGROUND**

This action concerns property located at 611 Southerness Drive in Townsend, Delaware, a September 6, 2000 Maintenance Declaration Odessa National Maintenance Corporation ("Maintenance Declaration") made by Kathryn A. Copper, Atkinson Farm, Inc., and James R. Atkinson (as the Legal Owners) and Odessa National Corp. (with all parties referred to collectively as Declarant) recorded on September 6, 2000 (D.I. 1-1 at 13-22), and a Master Declaration of Covenants and Restrictions for Odessa National Golf Club and Residential Community ("DOC"), recorded on August 5, 2005 (D.I. 1 at 4; D.I. 1-1 at 5). The DOC is made by Odessa National Development Company (as the Developer), and Fieldsboro Development, LLC; Ravenglass, LLC; Camerton, LLC; Robino-Wynnfield II, LLC; and D.R. Horton, Inc.-New Jersey (as the Original Builders),[1] and the DOC states that Odessa National Development Company owns the Southerness sub-community and that Odessa National's intent is to develop a residential golf course. (*Id.*).

---

[1] The Court was only provided the first page of the DOC.

1

A deed dated August 21, 2007 between Defendant NVR, Inc. ("NVR") and Rosemary Angelo conveyed property located at 611 Southerness Drive in Townsend, Delaware, to Rosemary Angelo. (D.I. 1-1 at 2-3). The August 21, 2007 deed is subject to August 5, 2005 DOC and the September 6, 2000 Maintenance Declaration. (*Id.* at 2). The deed indicates that Odessa National Development Company, LLC conveyed the property to NVR on May 25, 2007. (*Id.* at 2). The Complaint alleges that NVR is the parent company of Ryan Homes, Inc. that sold the property at issue. (*Id.* at 3, 5). It also alleges that Defendant Commonwealth Land Title Company ("CLT") is a wholly owned subsidiary of Fidelity National Title Insurance, and CLT is Plaintiff's title insurance company. (*Id.*).

An August 9, 2013 opinion letter from the New Castle County Executive's Office states that the DOC was not executed in accordance with County law in that it seeks to amend the original Maintenance Declaration in contravention of the terms of that instrument and County law and is being used to improperly extract fees for the maintenance of open space and common facilities (*i.e.*, the golf course) from the homeowners, even though they will not receive ownership under the terms of the instrument. (D.I. 1-1 at 23-31).

An October 22, 2013 clarification letter from the County Executive's Office states that: (1) the DOC contains covenants and restrictions that constitute private deed restrictions; (2) courts consider these to be a form of private contract among homeowners, the declarants, and other parties that are burdened or benefitted by them; and (3) the County is not a party to the DOC and has no authority to enforce its

2

covenants and restrictions that do not implicate County law. (*Id.* at 32). The letter was copied to attorneys for the Golf Course Owner and Declarant and directed the Declarant to amend the DOC to remove provisions that allow the Golf Course Owner to collect an assessment for maintenance of the common facilities, adjacent open space and golf course assessment areas as defined in the DOC. (*Id.* at 32-34).

A deed dated January 20, 2016 conveys the property from Rosemary Angelo to Rosemary Angelo and Plaintiff as co-trustees under a revocable trust agreement date November 13, 2015. (D.I. 13-2 at 5-7). The January 20, 2016 deed is subject to the DOC and the Maintenance Declaration. (*Id.* at 6) A New Castle County Recorder of Deeds data sheet indicates that on April 11, 2017, Plaintiff and Rosemary Angelo recorded a deed to Ronald Angelo, Sr., Trustee, Rosemary Angelo, Trustee, and the Ronald Angelo, Sr. and Rosemary Angelo Revocable Trust. (D.I 1-1 at 54.). The Court was not provided the deed, and it is unclear if it is subject to the DOC and the Maintenance Declaration or if the deed recorded on April 11, 2017 is the same deed that was executed on January 20, 2016.

Plaintiff alleges that CLT, as his title insurance company, is liable "for all recorded documents including documents excluded except for documents declared void." (*Id.* at 6). Plaintiff alleges that NVR, as a mortgage company, had a fiduciary responsibility to insure the deed it transferred to the buyer (*i.e.*, Rosemary Angelo) was without error and in compliance with county, state, and federal law. (*Id.* at 8). Plaintiff alleges that at settlement, Defendants did not inform him of all the violations of the recorded documents and did not advise him of the excluded documents from coverage or of

3

invalid record plans and recorded instruments in his title insurance policy. (*Id.* at 5). Plaintiff alleges "with the current violation of recordation, [his] property cannot be sold with full disclosure." (*Id.* at 6). Plaintiff seeks a full refund of the purchase price plus improvements and expenses to move or a declaration that the recorded document is void and for NVR or CLT to return the monies collected at settlement by NVR charged as a golf course fee, plus interest. (*Id.*at 6).

The Complaint asserts federal jurisdiction and diversity jurisdiction. As noted below, it does not appear that there is any valid federal claim. The prayer for relief seeks a refund of the property's purchase price -- $495,000-- or $5,000 plus interest. (D.I. 1 at 6). If the request for relief does not meet the diversity threshold, an issue that I do not now decide, then there is no jurisdictional basis for this matter being in federal court.

The Complaint raises: (1) two counts of New Castle County code violations; one for land use and one for the recorder of deeds; (2) two violations of state law; one for violating Title 9 of the Delaware Code and one for bank fraud; and (3) two violations of federal law; one for recordation and one for bank fraud. (*Id.* at 5).

**New Castle County Code**. The Complaint appears to allege violations of Chapter 40 of the New Castle County Code, Unified Development Code ("UDC"), §§

4

40.30.510[2] and 40.31.130.[3] The Complaint alleges that the Maintenance Declaration states that any changes or additions must be approved by the New Castle County Council; that the DOC sought to expand the original maintenance declaration without approval as required by USD § 40.31.130.G.; that the DOC does not conform to the model declaration; as a result, any maintenance obligations resulting from its execution should be considered null and void and the homeowners should not be required to pay any open space maintenance fees resulting from its execution; and the DOC is recorded illegally and is void. (*Id.* at 12-13).

**Delaware Law**. The Complaint alleges the DOC is not "duly executed or recorded" on property located at 611 Southerness Drive, Townsend, Delaware. (*Id.* at 4). It is alleged that the DOC does not meet 9 Del. C. § 9605, because the document does not have "prepared by" and "return address" on the first page, which was done to defraud the residents, and the preparer knew the DOC would not pass County Council which is why it was not submitted through proper channels. (*Id.* at 9-10). The Complaint alleges that because the DOC did not conform to the rules of recordation it should not have been accepted by the Recorder of Deeds. (*Id.* at 10-11). The Complaint alleges that as long as the DOC is attached to the deed, the property cannot

---

[2] UDC 40.30.510.B. provides that any plan received by the Recorder of Deeds for filing or recording without the approval of the Department and Council endorsed shall be null and void and without effect and upon application be expunged from the records of the Recorder of Deeds. (*Id.* at 15).

[3] UDC § 40.31.130 sets forth the procedure for any amendment to a declaration of restrictions to which New Castle County is either a party to or a beneficiary of the covenants and deed restriction changes. (*Id.* at 14).

be sold and no loans can be made with the property as collateral. (*Id.* at 11). Plaintiff alleges that paragraph 8.7 of the DOC states that the $5,000 golf course fee is a fee charged to the builder and not the buyer and fraud was perpetrated by the builder when the fee was paid by the buyer and collected at settlement.[4] (*Id.* at 20).

**Federal Law.** The Complaint alleges that if the property is insured by a United States government agency then the government is the victim of fraud in violation of 18 U.S.C. § 1021 and the bank was defrauded in violation of 18 U.S.C. § 1344. (*Id.* at 11). The Complaint alleges that the bank was defrauded when it loaned money on the property based on an appraisal without full knowledge of the violations. (*Id.*).

## II.  MOTIONS TO DISMISS

Both NVR and CLT move to dismiss the Complaint. NVR moves to dismiss on the grounds that: (1) Plaintiff lacks standing to assert his claims relating to the DOC and Maintenance Declaration; (2) the issues are moot; (3) the Complaint fails to state claims for violations of state law, federal law, or the New Castle County Code; and (4) NVR had no part in drafting or attaching the DOC or maintenance declaration to the deed. (D.I. 8). CLT moves for a more definite statement and dismissal of the Complaint on the grounds that: (1) the Complaint fails to state a plausible claim for relief; (2) the Complaint fails to state a cognizable state law claim; (3) Plaintiff does not have standing to bring federal criminal charges; (3) private causes of action are not permitted under federal criminal statutes; and (4) Plaintiff failed to plead that he is an insured under any

---

[4] The settlement statement indicates that at closing, a $5,000 golf course fee was paid to Odessa National Golf Course from the Sellers's funds at settlement. (D.I. 1-1 at 39).

6

policy with CLT or that CLT failed to honor any title commitment owed to Plaintiff. (D.I. 11).

### A. Legal Standards

In reviewing a motion filed under Fed. R. Civ. P. 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94. A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A Rule 12(b)(6) motion maybe granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). I am "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however,

"for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 135 S. Ct. 346, 346 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 347. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

"In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. A document forms the basis of a claim if the document is 'integral to or explicitly relied upon in the complaint.' The purpose of this rule is to avoid the situation where a plaintiff with a legally deficient claim that is based on a particular document can avoid dismissal of that claim by failing to attach the relied upon document. Further, considering such a document is not unfair to a plaintiff because, by relying on the document, the plaintiff is on notice that the document will be considered." *Lum v. Bank of Am.*, 361 F.3d 217 n.3 (3d Cir. 2004) (internal citations omitted); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

B. **Discussion**

1. **Standing**

The Court turns first to the issue of standing. NVR moves to dismiss the Complaint for Plaintiff's lack of standing on the grounds that he has not sustained any harm as a result of the DOC and Maintenance Declaration to the original deed. (D.I. 8 at 11-12). NVR relies upon attachments to the Complaint to argue that the original deed, through which the DOC and Maintenance Declaration were imposed, was between it and Rosemary Angelo -- not Plaintiff. While Plaintiff alleges that CLT is his title insurance company, there are no allegations that CLT failed to honor any title commitment owed to Plaintiff.

In Plaintiff's opposition, he indicates that he has a power of attorney for his wife who is disabled and "this is [his] right to protect our interest." (D.I. 13 at 2). Attached to his opposition is a copy of the power of attorney dated November 13, 2015, and a copy of a deed dated January 20, 2016 between Rosemary Angelo and Rosemary Angelo and Ronald Angelo, Sr. as co-trustees under a revocable trust agreement dated November 13, 2015. (D.I. 13-2 at 1-7).

"Article III of the Constitution restricts the 'judicial power' of the United States to the resolution of cases and controversies. Subsumed within this restriction is the requirement that a litigant have standing to challenge the action sought to be adjudicated in the lawsuit." *Taliaferro v. Darby Twp. Zoning Bd.*, 458 F.3d 181, 188 (3d Cir. 2006) (internal citations omitted). The "core component" of the requirement that a litigant have standing to invoke the authority of a federal court "is an essential and

9

unchanging part of the case-or-controversy requirement of Article III." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 343 (2006). To assert standing, "a plaintiff must show (a) an 'injury in fact,' *i.e.*, an actual or imminently threatened injury that is 'concrete and particularized' to the plaintiff; (2) causation, *i.e.*, traceability of the injury to the actions of the defendant; and (3) redressability of the injury by a favorable decision by the Court." *NCAA v. Governor of N.J.*, 730 F.3d 208, 217-18 (3d Cir. 2013) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009)). A plaintiff does not have standing to challenge a defendant's actions unless the plaintiff can "show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant." *Gladstone Realtors v. Village of Bellwood*, 441 U.S. 91, 117 (1979).

The allegations concern harm suffered by Rosemary Angelo, not Plaintiff. Rosemary Angelo, however is not a party to this case and, therefore, Plaintiff lacks standing to raise claims on her behalf. *See Township of Lyndhurst, N.J. v. Priceline.com, Inc.*, 657 F.3d 148, 154 (3d Cir. 2011). In addition, although Plaintiff has power of attorney for his spouse, this does not suffice to establish standing because, although "power of attorney may [confer] certain decision-making rights under state law," it generally does not allow a person to litigate *pro se* on behalf of another in federal court. *In re Radogna*, 331 F. App'x 962, 964 (3d Cir. 2009) (citing *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664-65 (9th Cir. 2008)). Federal courts "have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity." *Simon*, 546 F.3d at 664-65 (collecting cases); *see also Liggon-Redding v. Willingboro Twp.*, 351 F. App'x 674, 679 (3d Cir. 2009) (even though

10

wife had power of attorney for husband, she did not have standing to bring a claim on his behalf in a representative capacity on a *pro se* basis). Moreover, Plaintiff is not an attorney and may not act as an attorney for his spouse; he may only represent himself in this court. *See* 28 U.S.C. § 1654; *see also Osei-Afriye v. Medical Coll. of Pennsylvania*, 937 F.2d 876 (3d Cir. 1991) (non-lawyer appearing *pro se* may not act as attorney for his children).

Without belaboring the point, Plaintiff lacks standing to assert his claims for damages relating to the DOC and Maintenance Declaration at the time of purchase because Rosemary Angelo, and not Plaintiff, purchased and owned the property at the time the DOC and Maintenance Declaration were attached to the deed. The alleged harm is only suffered by Rosemary Angelo and not Plaintiff.

NVR's position that Plaintiff does not have standing does not, however, take into consideration the fact that the deed restrictions may run with the land. To the extent that they do, Plaintiff may have standing as one of the trustees for the Trust that is the current owner of the property. And, while NVR posits that the current deed no longer contains a reference to the DOC or Maintenance Declaration, the Court was not provided with a copy of the current deed and, therefore, is not in a position to make this determination.[5]

As pled, the Complaint does not properly allege that Plaintiff has standing to proceed with the claims raised. Therefore, the Court will grant the motions to dismiss.

---

[5] NVR referred to Exhibit 1 to support its position, but Exhibit is not attached to NVR's opening brief in support of its motion to dismiss. (See D.I. at 8 n.1).

## 2. Ripeness

It does not appear that Plaintiff's claims are ripe. There are no facts alleged that there was an attempt to sell the property and that problems arose due to the DOC and Maintenance Declaration. Nor are there allegations Plaintiff suffered a loss that triggered CLT's duty to defend under the title insurance policy. It is pure conjecture that "the home cannot be sold and no loans can be made with the property as collateral." (D.I. 1 at 5).

"The existence of a case and controversy is a prerequisite to all federal actions, including those for declaratory or injunctive relief." *Peachlum v. City of York*, 333 F.3d 429, 433 (3d Cir. 2003) (quoting *Presbytery of N.J. of Orthodox Presbyterian Church v. Florio*, 40 F.3d 1454, 1462 (3d Cir. 1994)). Ripeness is a component of the case or controversy requirement, and determines "whether a party has brought an action prematurely, and counsels abstention until such time as a dispute is sufficiently concrete to satisfy the constitutional and prudential requirements of the doctrine." *Pittsburgh Mack Sales & Serv., Inc. v. International Union of Operating Eng'rs, Local Union No. 66*, 580 F.3d 185, 190 (3d Cir. 2009) (citing *Peachlum*, 333 F.3d at 433).

As pled, the disputes are not sufficiently concrete to satisfy the requirements of ripeness.

## 3. Failure to State a Claim

In the alternative, even were the Court to determine that Plaintiff has standing and that the issues are ripe, the Complaint fails to state claims upon which relief may be

granted. The Complaint alleges claims under the New Castle County Code, Delaware statutes, and federal statutes. The Complaint fails to state claims under any theory.

**New Castle County Code**. The Complaint appears to allege violations of UDC 40.31.130 that applies to amendments of deed restrictions and 40.30.510 that applies to the recording of unapproved plans. With regard to amendments of deed restrictions, it does not appear that Plaintiff has sued the proper parties. In his response Plaintiff acknowledges that NVR had no involvement in the DOC. Plaintiff states that he is "not stating that NVR authorized or filed the 2005 DOC originally or illegally." (D.I. 13 at 4). Plaintiff is "only asking for return of funds that were acquired through or by the 2005 DOC" and that it "be declared 'void ab initio' so that [Plaintiff] can sell the home without the possibility of a civil action against [his] heirs. (*Id.*). Plaintiff seeks the golf course fee taken at settlement. (*Id.*). Nor are there allegations of CLT"s involvement in the DOC.

Section 40.30.510 indicates that any cause of action regarding the recording of unapproved plans lies with the Department of Land Use or the New Castle County Council. *See* § 40.30.510(b) ("Any plan received by the Recorder of Deeds for filing or recording without the approval of the Department and County Council endorsed thereon shall be null and void and without legal effect and shall, upon application of the Department or County Council to the Superior Court, be expunged from the records of the Recorder of Deeds."). The statute states that the remedy lies upon application of the Land Use Department of the New Caste County Council, not with the seller of

13

property or a title insurance company. The Complaint fails to state claims under either section of the UDC.

**State Law**. Plaintiff alleges violations of 9 Del. C. § 9605 which provides the Delaware Record of Deeds with filing requirements for the recordation of instruments. *See* 9 Del. C. § 6506 (recordation of instruments). The statute does not provide for a private cause of action. If there is a filing error or mistake or a question about the validity of a filing of an instrument, an action may be commenced under various theories (*e.g.*, a claim to quiet title), with the result that a Delaware Court may enter an order for the Recorder of Deeds to make the necessary entries to correct the error or deficiency. *See, e.g.*, *Tunnell v. Hastings*, 1977 WL 176195 (Del. Ch. 1977); *Leibowitz v. Hicks*, 207 A.2d 371 (Del. Ch. 1965) (action commenced against the Recorder of Deeds to correct a mistake). To the extent that Plaintiff raises claims pursuant to 18 Del. C. § 2407 for insurance fraud, the claim fails as this Delaware statute does not provide a private right of action. *See Indianapolis Life Ins. Co. v. Hentz*, 2008 WL 4453223, at *4 (M.D. Pa. 2008) (Del. Code. Ann. 18 § 2407 does not provide a private right of action). The Complaint fails to state claims under Delaware law.

**Federal Law**. To the extent that Plaintiff raises claims pursuant to 18 U.S.C. § 1021 (false certification of title records) and 18 U.S.C. § 1344 (bank fraud), neither criminal statue creates a private right of action. *See Campbell v. M&T Bank*, 2018 WL 401523, at *12 (W.D. Pa. 2018) (no private right of action under 18 U.S.C. § 1344); *Gross v. Cormack*, 2013 WL 6624051, at *2 (D.N.J. 2013) (no private cause of action under 18 U.S.C. § 1021). In addition, to the extent Plaintiff seeks to impose criminal

liability upon Defendants pursuant to the criminal statutes upon which he relies, he lacks standing to proceed. *See Allen v. Administrative Office of Pennsylvania Courts*, 270 F. App'x 149, 150 (3d Cir. 2008); *see United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district.". The decision of whether to prosecute, and what criminal charges to bring, generally rests with the prosecutor. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979). The Complaint fails to state claims under the federal criminal statutes.

Under any theory, the Complaint fails to state claims upon which relief may be granted. Therefore, the Court will grant Defendants' motions to dismiss.

## III.  LEAVE TO AMEND

When Plaintiff filed his Complaint on April 6, 2018, he did not include a jury demand. (D.I. 1). On May 30, 2018, Plaintiff filed a motion to amend to include a jury demand. (D.I. 5). Inasmuch as I am dismissing the entire complaint, and it seems unlikely that Plaintiff can successfully amend his complaint to allege a viable cause of action in federal court, I will dismiss his motion to amend (D.I. 5) as moot.

I will nevertheless give Plaintiff leave to amend his complaint since he is *pro se*, and it is possible (though it seems unlikely) that he could raise potential claims on his own behalf. Plaintiff is admonished that he may not raise claims on behalf of his wife or represent her interests. She must either appear as a *pro se* co-plaintiff or an attorney must represent her.

15

## IV. CONFLICT OF INTEREST

Plaintiff has filed several motions for conflict of interest. (D.I. 9, 22, 29, 31). Since I am dismissing the case, I will dismiss these motions as moot.

## V. MOTIONS FOR SUMMARY JUDGMENT

Plaintiff filed a motion for summary judgment and an amended motion for summary judgment. (D.I. 14, 26). The motions are premature and will be dismissed without prejudice to renew.

## VI. CONCLUSION

For the above reasons, the Court will: (1) dismiss without prejudice Plaintiff's motion to amend (D.I. 5); (2) grant Defendants' motions to dismiss (D.I. 7, 10); (3) dismiss without prejudice Plaintiff's motions for conflict of interest (D.I. 9, 22, 29, 31); and (4) dismiss without prejudice Plaintiff's motions for summary judgment (D.I. 14, 26). Plaintiff will be given leave to file an amended complaint.

An appropriate order will be entered.