IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONALD ANGELO, SR., | : |
| Plaintiff, | : |
| v. | : Civil Action No. 18-523-RGA |
| NVR, INC. et al., | : |
| Defendants. | : |

Ronald Angelo, Sr., Townsend, Delaware. Pro Se Plaintiff.

Scott G. Wilcox, Moor & Rutt, PA, Wilmington, Delaware. Counsel for Defendant NVR, Inc.

Scott Thomas Earle, Zarwin, Baum, DeVito, Kaplan, Schaer, Toddy, P.C., Wilmington, Delaware. Counsel for Defendant Commonwealth Land Title Insurance Company.

**MEMORANDUM OPINION**

March 24, 2020
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff Ronald Angelo, Sr., filed this action on April 6, 2018. (D.I. 1). He appears *pro se* and has paid the filing fee. The original complaint was dismissed and Plaintiff was given leave to file an amended complaint (D.I. 34, 35). Before the Court are Defendants' motions to dismiss the Amended Complaint and Plaintiff's motion to amend. (D.I. 39, 41, 50). Briefing is complete.

**I.    BACKGROUND**

The facts and allegations of the original complaint are fully set forth in the Court's previous Memorandum Opinion. (*See* D.I. 34 at 2-4). The Court will discuss pertinent new allegations or facts raise in the Amended Complaint in the "Discussion" section of this Memorandum Opinion.

When the Court dismissed the original complaint, it gave Plaintiff leave to file an amended complaint on or before March 31, 2019. (D.I. 34, 35). Plaintiff sought, and was granted an extension of time until April 26, 2019 to file an amended complaint. (D.I. 36, 37). Plaintiff's filing on April 23, 2019 is docketed as an Amended Complaint. (D.I. 38). Defendant NVR, Inc. moves to dismiss the filing on the grounds that it is actually a motion for reargument of the previous Memorandum Opinion and Order, and the time has passed for Plaintiff to file an Amended Complaint or a motion for reargument. (D.I. 40 at 2). Defendant Commonwealth Land Title Insurance moves to dismiss the Amended Complaint on the grounds that Plaintiff failed to file an amended complaint that satisfies the basic *Twombly/Iqbal* pleading requirements. (D.I. 41). Commonwealth Land Title also joins and incorporates by reference NVR's motion to

1

dismiss. Plaintiff opposes. Plaintiff has also filed a motion to amend the prayer for relief, to which NVR has responded. (D.I. 50, 51).

## II. MOTION TO DISMISS

In reviewing a motion filed under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* A court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A Rule 12(b)(6) motion maybe granted only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the complainant, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

"Though 'detailed factual allegations' are not required, a complaint must do more than simply provide 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action.'" *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (quoting *Twombly*, 550 U.S. at 555). I am "not required to credit bald assertions or legal conclusions improperly alleged in the complaint." *In re Rockefeller Ctr. Props., Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002). A complaint may not be dismissed, however, "for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 11 (2014).

A complainant must plead facts sufficient to show that a claim has "substantive plausibility." *Id.* at 347. That plausibility must be found on the face of the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

"In deciding motions to dismiss pursuant to Rule 12(b)(6), courts generally consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. A document forms the basis of a claim if the document is 'integral to or explicitly relied upon in the complaint.' The purpose of this rule is to avoid the situation where a plaintiff with a legally deficient claim that is based on a particular document can avoid dismissal of that claim by failing to attach the relied upon document. Further, considering such a document is not unfair to a plaintiff because, by relying on the document, the plaintiff is on notice that the document will be considered." *Lum v. Bank of Am.*, 361 F.3d 217 n.3 (3d Cir. 2004) (internal citations omitted); *see also In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

### A.  NVR's Motion to Dismiss

NVR moves to dismiss the Amended Complaint pursuant to Rule 12(b)(6) on the grounds that it is actually a motion for reargument of the March 13, 2019 Memorandum Opinion and Order, and the time has passed for Plaintiff to file an Amended Complaint or a motion for reargument. Commonwealth Land Title joins the motion and, as

3

discussed below, moves to dismiss for failure to state a claim against it. (D.I. 41). In discussing Plaintiff's claims, NVR refers to the allegations in the original Complaint found at Docket Item 1 and argues that Plaintiff's April 23, 2019 "pleading is not an Amended Complaint." (D.I. 40 at 8). NVR discusses the Amended Complaint only in the context of a motion for reargument. NVR's position is that Plaintiff failed to timely file an Amended Complaint and NVR asks the Court to close the case as indicated in the Court's previous order. (D.I. 40 at 2). Plaintiff responds that, while the pleading may not be in a proper format, he filed an Amended Complaint. (D.I. 45, 48).

Plaintiff's filing refers to itself as the "Amended Complaint." (*See* D.I. 38 at 3 ["I wish to submit to the Court in addition to this Amended Complaint all the evidence cited in the Original Complaint as stated for reference in this amended complaint."]). When reading the filing, it could possibly be construed as a combined motion for reconsideration and Amended Complaint given the numerous references and discussions of portions of the Court's previous Memorandum Opinion and Order. (D.I. 38 at 7-11, 14, 17).

It is inappropriate to combine a motion and complaint into one document. A pleading is a type of filing used to set forth a party's claims or defenses. *See* Fed. R. Civ. P. 8. For example, a complaint, an answer to a complaint, and a counterclaim are types of pleadings. *See* Rule 7(a). In contrast, a motion is a request for a court order. *See* Fed. R. Civ. P. 7(b). Because these are different types of filings, to which different rules apply, it is improper to combine them into one document. *See* Fed. R. Civ. P. 7(a)-(b).

Plaintiff proceeds *pro se* and is given some leniency. The Court considers that Plaintiff sought, and received, additional time to file an amended complaint and that he filed what he considered the Amended Complaint in a timely manner. Further, while NVR construes the Amended Complaint as a motion for reargument, the Court has a duty to construe *pro se* pleadings liberally. *See Haines v. Kerner*, 404 U.S 519 (1972); *Allah v. Al-Hafeez*, 226 F.3d 247, 249 n.3 (3d Cir. 2000). Accordingly, the pleading is construed as an Amended Complaint; not a motion for reargument. The Court further considers that the pleading is confusing, it lacks a basis for jurisdiction, a prayer for relief, and it incorporates by reference allegations from the original Complaint that was dismissed for failure to state claims upon which relief may be granted.

Therefore, the Court will grant NVR's motion to dismiss to the extent that the claims in the Amended Complaint raised against NVR will be dismissed without prejudice.[1] (D.I. 39). Plaintiff will be given leave to file a second amended complaint on the claims raised against NVR. As discussed below, the claims against Commonwealth Land Title will be dismissed.

---

[1] The Court takes judicial notice that in 2008 and 2010, NVR, Inc., under the name "Ryan Homes," settled complaints for claims concerning fee obligations and multiple misrepresentations in the sale of homes in the Odessa National development in Townsend, Delaware. *See* https://news.delaware.gov/2013/11/05/attorney-generals-office-announces-agreement-with-odessa-national-developer-to-resolve-complaints-it-failed-to-timely-construct-amenities/ (last visited Mar. 19, 2020).

## B. Commonwealth Land Title's Motion to Dismiss

Commonwealth Land Title renews its motion to dismiss the claims against it. (D.I. 11, 41).[2] The Amended Complaint seems to allege that: (1) Plaintiff paid for full title coverage insurance for the property at issue (*i.e.*, 611 Southerness Drive, Townsend, Delaware); (2) the title insurance contained exclusions; (3) Plaintiff did not receive coverage on all recorded documents; (4) Commonwealth Land Title did not inform him that it refused to cover the 2005 Declaration because it was excluded from coverage; and (5) in doing so, Commonwealth Land Title committed insurance fraud in violation of 18 Del. C. § 2407. (D.I. 38 at 25-28).

Commonwealth Land Title argues that even if Plaintiff has pled a cognizable claim against it, he has failed to plead that he is an insured under any policy with it, and even if he were, the Master and Maintenance Declarations are clear exceptions to the policy. (D.I. 11 at 4; D.I. 47 at 2; D.I. 47-1). Plaintiff argues that he has met all the pleading requirements, that he was "invoiced for full coverage and excluded for some recorded documents without [his] knowledge and permission." (D.I. 46 at 9-10).

Attached to the Amended Complaint is a copy of the title policy at issue. (D.I. 38-1 at 155-159). The policy was issued to Rosemary Angelo on August 27, 2007 for the property at issue. (*Id.* at 156). The policy states that "it does not insure against loss or damages" for special exceptions including the Declaration of Restrictions recorded at Deed Instrument No. 20050805-0078358 (*see id.* at 54, Master Declaration of Covenants and Restrictions for Odessa National Golf Club and Residential Community)

---

[2] Commonwealth Land Title's renewed motion to dismiss incorporates its previous memorandum of law in support of its motion to dismiss found at Docket Item 11.

and Maintenance Declaration recorded in Deed Book 2890, page 70 and Deed Book 2890, page 80 (*see id.* at 54-55, Primary Maintenance Declaration for Odessa National Corporation). (*Id.* at 157).

Under Delaware law,

> A title insurance policy is a contract of indemnity under which the insurer for a valuable consideration agrees to indemnify the insured in a specified amount against loss through defects of title to, or liens or encumbrances upon realty in which the insured has an interest. As such, it is subject to the same rules of construction as are other insurance policies. Basic to this problem of construction is a recognition of the principle that in such policies the [phraseology] must be liberally construed in favor of the insured and strictly construed against the insurer.

*Pioneer Nat'l Title Ins. Co. v. Child, Inc.*, 401 A.2d 68, 69-70 (Del. 1979) (internal quotes and citations omitted) (quoting *Sandler v. N. J. Realty Title Ins. Co.*, 178 A.2d 1, 5 (N.J. 1962) and adopting the definition of a title insurance policy and the rules of construction applied to one by the New Jersey Court).

As in the original complaint, the Amended Complaint fails to state any cognizable claims against Commonwealth Land Title. The Amended Complaint seems to allege that Plaintiff may raise a claim against Commonwealth Land Title since subsequent to the time his wife purchased the property and obtained title insurance, the property at issue was deeded to him (along with his wife Rosemary Angelo) as co-trustees under a 2015 revocable trust. However, the title insurance policy provided by Plaintiff indicates that his wife is the insured of the property at issue, the exhibit attached to the Amended Complaint does not define the word insured or contain any successor provisions, and this case was commenced by Ronald Angelo, Sr. and not the trust or either of its co-trustees. Thus, Plaintiff is not covered by the policy. Moreover, both the Master

7

Declaration and the Maintenance Declaration are specifically excluded from the policy at issue. Based upon the exclusions, Commonwealth Land Title has never had a duty to Plaintiff relating to the declarations. *See, e.g., Regis Ins. Co. v. Graves*, 2005 WL 273239, at *3 (Del. Super. Ct. Jan 28, 2005).

To the extent that Plaintiff raises claims pursuant to 18 Del. C. § 2407 for insurance fraud, the claim fails as this Delaware statute does not provide a private right of action. *See Indianapolis Life Ins. Co. v. Hentz*, 2008 WL 4453223, at *4 (M.D. Pa. Sept. 30, 2008).

The Amended Complaint fails to state a claim against Commonwealth Land Title. Therefore, its renewed motion to dismiss will be granted.

## III. LEAVE TO AMEND

Plaintiff moves to amend the Amended Complaint's prayer for relief. (D.I. 50). NVR responds. (D.I. 51). The Court thinks it is pretty clear that this motion to amend is simply a settlement offer, and thus granting it or denying it will have no effect on anything. Thus, the motion to amend will be dismissed without prejudice.

Plaintiff will be given leave to amend his claims against NVR. Plaintiff is reminded that should he opt to file a second amended complaint, all allegations shall be contained in one pleading and he shall not incorporate by reference prior dismissed complaints. In addition, the pleading shall name the parties, contain a basis for jurisdiction statement, a statement of the claims, injuries, and a prayer for relief. This Court's web-site - ded.uscourts.gov - has a *pro se* general complaint that Plaintiff may review for guidance by clicking on "Filing without an Attorney," "Pro Se Forms," "Pro Se Del General Complaint."

8

## IV. CONCLUSION

For the above reasons, the Court will: (1) grant NVR Inc.'s motion to dismiss to the extent that the claims against it will be dismissed without prejudice (D.I. 39); (2) grant Commonwealth Land Title Insurance Company's renewed motion to dismiss (D.I. 41); (3) dismiss without prejudice Plaintiff's motion to amend the prayer for relief (50); and (4) give Plaintiff leave to file a second amended complaint.

An appropriate order will be entered.