IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RONALD ANGELO, SR., | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : Civil Action No. 18-523-RGA |
| | : |
| NVR, INC. et al., | : |
| | : |
| Defendants. | : |

Ronald Angelo, Sr., Townsend, Delaware. Pro Se Plaintiff.

Scott G. Wilcox, Esquire, Moor & Rutt, PA, Wilmington, Delaware. Counsel for Defendant.

**MEMORANDUM OPINION**

February 23, 2021
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff Ronald Angelo, Sr. filed this action on April 6, 2018. (D.I. 1). He appears *pro se* and has paid the filing fee. Both the original complaint and amended complaint were dismissed; Plaintiff was given leave to file a second amended complaint. (D.I. 34, 35, 52, 53). Plaintiff filed a Second Amended Complaint on April 15, 2020. (D.I. 54). He invokes jurisdiction by reason of diversity of the parties. (*Id.* at 2). Before the Court is Defendant NVR's motion to dismiss the Second Amended Complaint. (D.I. 55). Briefing is complete. (D.I. 56, 57, 58, 59).

**BACKGROUND**

The facts and allegations of the original complaint are fully set forth in the Court's March 12, 2012 Memorandum Opinion. (*See* D.I. 34 at 2-4) In the Second Amended Complaint Plaintiff alleges:

> The chain of events and violations place the violation of transfer of the lot with 2005 Declaration filed in perpetuity. The lot, which was purchased by the builder from the developer with the 2005 Declaration recorded against the lot. The builder then constructed the home and transferred the lot and completed home to the buyer with the violations attached.
>
> The 2005 Declaration was attached to the lot in perpetuity before the lot was transferred to the Defendant. It was filed with violations of county and state laws.
>
> In the 2005 Declaration, a fee payable by the builder to the golf course was taken at settlement from the buyer. It states in the 2005 Declaration that the buyers were not [liable] for this $5,000 fee.
>
> I attempted to refinance my mortgage with Mortgage Lenders. In the application, I supplied the letters from New Castle County for funding as a requirement for full disclosure. The lenders responded with a refusal stating in various forms; the Property has no collateral value as long as the 2005 Declaration is attached to the property. [Due] to COVID-19, I am

> still waiting for responses from Mortgage Lenders regarding my applications.
>
> At this point, I cannot refinance or sell the property with full disclosure, with the 2005 Declaration recorded against the property. The violation is ongoing until the 2005 Declaration is declared Void Ab Initio by this Court, the property has no collateral value.

(D.I. 54 at 3-4).

Plaintiff seeks either a declaratory judgment and $5,000; Defendant purchases the property for approximately $400,000; or required non-binding negotiations. (*Id.* at 3-4).

The memorandum in support of the Second Amended Complaint (D.I. 54 at 6-15 of 106) refers to the New Castle County Code of Ordinances, 40.30.510(b), the New Castle County Unified Development Code, UDC 40.31.130, and Delaware State Law, 9 Del. C. § 9605. (*Id.* at 6-8, 11-13). The memorandum contends that the 2005 Master Declaration is an illegally recorded instrument under the UDC 40.30.130 and does not meet the requirements of 9 Del. C. § 9605. (*Id.* at 8, 13). It also appears to contend that the Master Declaration is invalid under 40.30.510(b), because an alleged fraud was perpetrated by the builder when the fee was paid by the buyer, the fee on the settlement paper stated it was a golf course fee, and the $5,000 fee was collected at settlement before any questions of the validity of the 2005 Declaration were discovered. (*Id.* at 14).

My reading of the Second Amended Complaint, informed in part by what Plaintiff has stated in his earlier complaints in this case, is that at settlement in 2007 (*see* D.I. 1-1 at 2 of 54), his wife purchased the property in which he currently lives. At settlement, $5,000 was taken out as a maintenance fee as provided for by the 2005 Master Declaration, which is a lien on the property. But the 2005 Master Declaration is faulty

2

and should not be a lien on the property.[1]  The faulty lien on the property reduces the value of the property from about $400,000 to zero.

Defendant moves to dismiss the Second Amended Complaint on the grounds that:  (1) the Court lacks jurisdiction; (2) Plaintiff waived his challenge to the 2005 Declaration and the claims are time-barred;[2] (3) the Second Amended Complaint is not ripe; and (4) the Second Amended Complaint fails to state claims upon which relief can be granted.  (D.I. 56, 58).

**DISCUSSION**

Despite his repeated attempts, Plaintiff failed to cure his pleading defects.  The Court addresses only ripeness as it is case dispositive.

This is what I wrote earlier in dismissing the original complaint.

> It does not appear that Plaintiff's claims are ripe. There are no facts alleged that there was an attempt to sell the property and that problems arose due to the DOC and Maintenance Declaration. Nor are there allegations Plaintiff suffered a loss that triggered CLT's duty to defend under the title insurance policy. It is pure conjecture that "the home cannot be sold and no loans can be made with the property as collateral." (D.1 at 5).
> 
> "The existence of a case and controversy is a prerequisite to all federal actions, including those for declaratory or injunctive relief." *Peachlum v. City of York*, 333 F.3d 429, 433 (3d Cir. 2003) (quoting *Presbytery of N.J. of Orthodox Presbyterian Church v. Florio*, 40 F.3d 1454, 1462 (3d Cir. 1994)). Ripeness is a

---

[1] Plaintiff previously contested the property tax assessment relating to the property.  He raised many bases for his claim in that case, including "Invalid deed, illegal declaration filed (2005 master declaration)."  *Angelo v. New Castle County Bd. of Assessment Review*, No. N17A-06-008 VLM (Del. Super. Dec. 11, 2017).  There has been subsequent litigation in which the allegations were that the Angelos did not pay assessments to the maintenance corporation.  *See Angelo v. Southerness Maintenance Corp.*, No. CPU4-19-004547 (Del. Ct. Com. Pl.).

[2] Defendant raised lack of standing as one ground for dismissal in its supporting memorandum.  (D.I. 56).  In its reply to Plaintiff's response, Defendant states that Plaintiff potentially corrected the lack of standing issue, has waived his challenge to the 2005 Declaration, and now contends that the claims are time-barred.

>   component of the case or controversy requirement, and determines "whether a
>   party has brought an action prematurely, and counsels abstention until such time
>   as a dispute is sufficiently concrete to satisfy the constitutional and prudential
>   requirements of the doctrine." *Pittsburgh Mack Sales & Serv., Inc. v. International
>   Union of Operating Eng'rs, Local Union No. 66*, 580 F.3d 185, 190 (3d Cir. 2009)
>   (citing *Peachlum*, 333 F.3d at 433).
>
>   As pled, the disputes are not sufficiently concrete to satisfy the
>   requirements of ripeness.

(D.I. 34 at 12).

Defendant argues that the Second Amended Complaint is not sufficiently concrete to satisfy the requirements of ripeness. Plaintiff argues that he has tried to refinance, the mortgage companies all refuse to lend funds, and no buyer will purchase a home with the illegal 2005 Declaration recorded against the deed. (D.I. 57 at 8; D.I. 59 at 2).

The Second Amended Complaint alleges that Plaintiff attempted to refinance his mortgage and the lenders responded with a refusal stating in various forms that "the property has no collateral value as long as the 2005 Declaration is attached to the property." (D.I. 54 at 3) It states that Plaintiff is "still waiting for responses from mortgage lenders regarding his applications. (*Id.* at 4). The Second Amended Complaint goes on to allege that Plaintiff "cannot refinance or sell the property with full disclosure with the 2005 Declaration recorded against the property." (*Id.*).

Exhibits attached to the Second Amended Complaint include: (1) an April 19, 2019 letter from Quicken Loans dated April 19, 2019, stating that it is unable to offer financing due to "collateral" "unacceptable property type"; (2) an April 16, 2019 email from LoanDepot stating that "any lien/action will be required to be removed prior to refinancing"; and an April 10, 2019 email from Wyndham Capital Mortgage stating that,

4

"you want to grill your title company (closing attorney's office) and make sure they clear this as it can affect your value and ability to sell in the future". (*Id.* at 77-79).

As I said before, "The existence of a case and controversy is a prerequisite to all federal actions, including those for declaratory or injunctive relief." *Peachlum v. City of York*, 333 F.3d 429, 433 (3d Cir. 2003) (quoting *Presbytery of N.J. of Orthodox Presbyterian Church v. Florio*, 40 F.3d 1454, 1462 (3d Cir. 1994)). Ripeness is a component of the case or controversy requirement, and determines "whether a party has brought an action prematurely, and counsels abstention until such time as a dispute is sufficiently concrete to satisfy the constitutional and prudential requirements of the doctrine." *Pittsburgh Mack Sales & Serv., Inc. v. International Union of Operating Eng'rs, Local Union No. 66*, 580 F.3d 185, 190 (3d Cir. 2009) (citing *Peachlum*, 333 F.3d at 433).

Plaintiff's claims were not ripe when he filed this lawsuit. There are no facts the allege there was an attempt to sell the property and that problems arose due to the 2005 Declaration. Nor do the exhibits from potential mortgage lenders attached to the Second Amended Complaint make any reference to the 2005 Declaration. Notably, those exhibits are emails and letters dated April 2019, one full year after Plaintiff commenced this action on April 6, 2018, making it clear the issues were not ripe when Plaintiff commenced this action. In addition, similar to the allegations in the original complaint, the Second Amended Complaint contains pure conjecture that Plaintiff "cannot refinance or sell the property with full disclosure with the 2005 Declaration recorded against the property." (*Id.* at 3).

5

As pled, Plaintiff's claims are not sufficiently concrete to satisfy the requirements of ripeness. Accordingly, the motion to dismiss will be granted on this ground. Since I am dismissing for lack of jurisdiction, I do not address Defendant's motion to dismiss for failure to state a claim.[3]

The Court has given Plaintiff several opportunities to correct his pleading deficiencies, to no avail. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (The court may curtail or deny a request for leave to amend where there is "repeated failure to cure deficiencies by amendments previously allowed" and there would be "futility of amendment."). Allowing further amendments would be futile.

## IV.   CONCLUSION

For the above reasons, the Court will grant Defendant's motion to dismiss the Second Amended Complaint.

An appropriate order will be entered.

---

[3] The issues raised by the motion to dismiss for failure to state a claim are mostly issues that I addressed in my earlier opinions in this case.